**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEYON THOMAS-KAY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 3:25-cv-284 |
| | ) | Judge Stephanie L. Haines |
| JOHNSTOWN POLICE DEPT., et al., | ) | Magistrate Judge Patricia L. Dodge |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Dyon Thomas-Kay ("Plaintiff") (ECF No. 5). Plaintiff asserts that at his state trial the Commonwealth introduced unfounded evidence to support his conviction for two counts of possession with intent to deliver and two counts of possession of a controlled substance. *See Commonwealth v. Thomas-Kay*, 352 A.3d 1022, at *2-4 (Pa. Super. Ct. 2025).[1] Plaintiff sues Gregory J. Neugebauer, the District Attorney, and Officers Grumling, Forestieri, and Scharf, members of the Johnstown Police Department, as well as the Department itself. He seeks injunctive relief in the form of release from prison and monetary damages.

At the state proceedings, Officer Grumling testified that when he arrived on the scene of Plaintiff's arrest, drugs were on the ground in front of the police cruiser near where Plaintiff had been standing while handcuffed. *See id.* at *12. In addition, Defendant Scharf testified that he had reviewed the dash cam video that showed Plaintiff standing in front of the cruiser contorting his body to reach his front pocket. *See id.* at *12. However, the dash cam video was not preserved and, therefore, the video was not part of the evidence at trial. *See id.* at *11. The jury found

[1] The Court notes that Plaintiff was convicted on other counts as well.

Plaintiff guilty of the drug crimes, among other crimes, and he was sentenced to an aggregate term of 7.5 to 25 years' incarceration. *See id.* at *4. Plaintiff appealed the trial court's conviction challenging the admission of testimony from Defendant Scharf about the dash cam video because it was not preserved. The Superior Court denied Plaintiff's direct appeal on the merits and affirmed all his convictions relative to the instant case. *See id.* at *17. Plaintiff filed a collateral petition challenging the validity of his conviction under Pennsylvania's Post Conviction Relief Act ("PCRA"), which is pending in state court. ECF No. 40, p. 3.

On March 9, 2026, Defendant Neugebauer moved to Dismiss the Complaint for Failure to State a Claim (ECF No. 22) under various theories of law, including the *Heck v. Humphries* Doctrine. The Police Officers and Johnstown Police Department filed their own Motion to Dismiss on March 9, 2026 (ECF No. 25) that included various assertions of law as well as the *Heck v. Humphries* Doctrine. Plaintiff filed what the Court assumes is an omnibus Response to both Motions (ECF No. 32).

On October 6, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 40) recommending that both Motions to Dismiss (ECF Nos. 22, 25) be granted because Plaintiff's claim for money damages is not cognizable as it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 40, pp. 9-11. Judge Dodge also dismissed Plaintiff's claim for injunctive relief in the form of release from prison, and dismissed the Johnstown Police Department as a defendant, because injunctive relief in the form of release is not a cognizable remedy,[2] and Johnstown Police Department it is not a proper party, in a Section 1983 lawsuit.[3]

---

[2] "Section 1983 must yield to the federal habeas statute where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the core of habeas. By contrast, constitutional claims challenging confinement conditions fall outside of that core and may be brought under § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 637 (2004).

[3] A police department is a subunit of city government and as such is merely a vehicle through which a city fulfills its policing functions. For purposes of a Section 1983 lawsuit a subunit or department is not a person distinct from the government or city. A city may only be held liable under Section 1983 if "the alleged conduct 'implements or executes

ECF No. 40, pp. 7, 9. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired. However, on October 20, 2026, Plaintiff filed a Motion to Stay in Abeyance (ECF No. 42) and a Motion to Withdraw (ECF No. 43), which will be considered by this Court.

Upon review of the record and the Report and Recommendation (ECF No. 40) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge performed a thorough evaluation of the theories of law proposed in the motions, which the Court need not reiterate, and found the basis for this Court's dismissal of Plaintiff's Complaint is that is it *Heck* barred. Judge Dodge correctly determined that Plaintiff's Complaint should be dismissed because he must first exhaust his state relief options, as he is doing in his PCRA proceeding, before bringing the case before this Court. ECF No. 40, p. 8. The Court also agrees with Judge Dodge's recommendation to dismiss the Johnstown Police Department as a defendant and to dismiss Plaintiff's claim for injunctive relief with prejudice.

This Court will also deny Plaintiff's Motion to Stay (ECF No 42) and Motion to Withdraw (ECF No. 43). As to the Motion to Stay, there are no grounds to stay this case for the reasons explained in the Report and Recommendation (ECF No. 40), which the Court is adopting as the opinion of the Court. Plaintiff's claim for injunctive relief (release from imprisonment) is not

---

a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or is 'visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.'" *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 875 (W.D. Pa. 1993). A policy was not alleged by Plaintiff.

cognizable and his damages claims against Defendants will be dismissed under the *Heck* rule. The dismissal with respect to the damages claims is with prejudice to Plaintiff attempting to reassert them in an amended complaint filed in this case, but without prejudice to him bringing an appropriate claim in a subsequent civil action if he later obtains a favorable termination of his judgment of sentence in a state proceeding (such as his pending PCRA proceeding) or a federal habeas action.

The Court, in its discretion, will also deny Plaintiff's Motion to voluntarily withdraw this case without prejudice (ECF No. 43).[4] "The view that, except in the instances provided for, the grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion has been accepted by the great majority of the District Courts and the Courts of Appeals in this country." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951). Defendants filed responsive pleadings to the Complaint and the case was fully considered and ruled upon by a Magistrate Judge and thus has proceeded through a considerable amount of litigation. It is also improper to allow Plaintiff to voluntarily dismiss without prejudice to avoid an outcome unfavorable to him. *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014) ("We conclude, however, that there was sufficient prejudice to warrant denial of dismissal here. Chief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has progressed and the extent to which the defendant will be exposed to new litigation in another

---

[4] 'Rule 41. Dismissal of Actions
'(a) Voluntary Dismissal: Effect Thereof
'(1) By Plaintiff; by Stipulation. * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, * * * .
'(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.'
*Ockert*, 190 F.2d at 303–04.

forum. *See Ferguson v. Eakle,* 492 F.2d 26, 28–29 (3d Cir. 1974); *Ockert,* 190 F.2d at 304 (noting that voluntary dismissal is "an increasingly burdensome matter to one's opponent" after an answer is filed and case preparation progresses)"). As explained above, Plaintiff would have the opportunity to refile the case properly after the state PCRA proceeding has been adjudicated.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 18th day of November, 2026, IT IS ORDERED that the Motions to Dismiss (ECF Nos. 22, 25) hereby are GRANTED to the extent they argued that Plaintiff's claims are *Heck* barred; and,

IT IS FURTHER ORDERED that Johnstown Police Department is dismissed as a defendant with prejudice; and

IT IS FURTHER ORDERED that Plaintiff's claim for injunctive relief is dismissed with prejudice; and

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 40) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay (ECF No. 42) is DENIED; and

IT IS FURTHER ORDERD that Plaintiff's Motion to Withdraw (ECF No. 43) is DENIED; and

IT IS FURTHER ORDER that the Clerk of Court is to mark this case as closed.

Stephanie L. Haines
United States District Judge

Deyon Thomas-Kay
QQ2154

SCI-Pine Grove
189 Fyock Road
Indiana, PA 15701
Pro Se